NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | | |
|---|---|---|
| JUAN REYES, | : | |
| | : | **CIV. NO. 19-21393 (RMB-AMD)** |
| Plaintiff | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| WARDEN DAVID KELSEY, *et al.*, | : | |
| | : | |
| Defendants | : | |

**BUMB**, DISTRICT JUDGE

Plaintiff Juan Reyes, a pretrial detainee confined in Atlantic County Justice Facility, in Mays Landing, New Jersey, filed this civil rights action on December 13, 2019. (Compl., ECF No. 1.) In lieu of the filing fee, Plaintiff submitted an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. (IFP App., ECF No. 1-1.) 28 U.S.C. § 1915(a) provides, in relevant part,

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement … of any suit … without prepayment of fees … by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees …. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> (2) A prisoner seeking to bring a civil action … without prepayment of fees … in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the

> trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

Plaintiff did not submit the requisite certified prisoner trust account statement.

The Court will administratively terminate this action.[1] Plaintiff may reopen this action if he timely submits a properly completed IFP application or pays $400.00 for the filing and administrative fees. Plaintiff should be aware that, even if granted IFP status, he must pay the $350.00 filing fee in installments, if available in his prison trust account, regardless of whether the complaint is dismissed, see U.S.C. § 1915(b)(1).

---

[1] U.S.D.C. District of New Jersey Local Civil Rule 54.3(a) provides:

> Except as otherwise directed by the Court, the Clerk shall not be required to enter any suit, file any paper, issue any process or render any other service for which a fee is prescribed by statute or by the Judicial Conference of the United States, nor shall the Marshal be required to serve the same or perform any service, unless the fee therefor is paid in advance. The Clerk shall receive any such papers in accordance with L.Civ.R. 5.1(f).

For the reasons discussed below, the Court would dismiss the complaint upon screening.

I.  *Sua Sponte* Dismissal

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[2]

Courts must liberally construe pleadings that are filed *pro se*. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" <u>Id.</u> (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering

---

[2] Conclusive screening is reserved until the filing fee is paid or IFP status is granted. <u>See</u> <u>Izquierdo v. New Jersey</u>, 532 F. App'x 71, 73 (3d Cir. 2013) (district court should address IFP application prior to conclusive screening of complaint under 28 U.S.C. § 1915(e)(2)).

3

why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If

4

a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

    A.    The Complaint

Plaintiff complains of conditions that he has been subjected to while confined in Atlantic County Justice Facility. (See generally, Compl., ECF No. 1.) First, he complains that he has not been permitted to call his attorney and he has to wait ten days for his request for specific legal materials to be denied. Second, Plaintiff complains of price gouging in the canteen and that he is charged $50 a month in rent. Third, he complains of mold in the showers making him feel very itchy and that the showers have only hot water.

The defendants to this action are Warden David Kelsey of the Atlantic County Justice Facility, and "Keefee Company," which allegedly makes 100% profit on the majority of the items for sale in the canteen. Plaintiff seeks injunctive relief and damages.

Plaintiff asserts jurisdiction under 42 U.S.C. § 1983, which provides, in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of
> any State or Territory ... subjects, or causes

> to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1998); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

B.  First Amendment Access to Courts Claim

Plaintiff alleges his constitutional rights have been violated because he has not been permitted to call his attorney and his requests for legal materials have been denied. The Supreme Court has held that prisoners have a First Amendment right of access to the courts, which is not a freestanding right to a law library or legal assistance. Lewis v. Casey, 518 U.S. 343, 351 (1996). To succeed on such a claim, a plaintiff must allege that his nonfrivolous legal claim was frustrated or impeded. Lewis, 518 U.S. at 353. Here, Plaintiff has not alleged that he suffered an actual injury from the alleged constitutional violation. If Plaintiff were granted IFP status, the Court would dismiss this

6

claim without prejudice upon conclusive screening of the complaint.

C. Fourteenth Amendment Due Process Claim

The Fourteenth Amendment's Due Process Clause governs the conditions of confinement for pretrial detainees. Bell v. Wolfish, 441 U.S. 520, 535 (1979); Hubbard v. Taylor, 399 F.3d 150, 166 (3d Cir. 2005). The inquiry courts must make is whether "'the conditions amount to punishment of the detainee.'" Hubbard v. Taylor, 538 F.3d 229, 231 (3d Cir. 2008) (quoting Bell, 441 U.S. at 535)). Absent a showing that the condition was imposed with intent to punish, the determination courts must make is whether the condition "is reasonably related to a legitimate governmental objective" and whether it is excessive to that purpose. Id. at 232 (quoting Bell, 441 U.S. at 538-39)).

Assuming without finding that Keefee Company is a state actor under § 1983, Plaintiff has failed to allege a due process violation against Keefee Company or Warden Kelsey based on high canteen prices. Plaintiff has not alleged any facts to establish that the high canteen prices were imposed with intent to punish. Offering products for sale in a prison canteen, presumably to make prison life more palatable for detainees, is a legitimate governmental objective because access to the canteen can be used as a reward for good behavior. Plaintiff has not alleged that the

7

prices charged in the canteen are excessive to the purpose of the ability to offer products for sale.

Plaintiff also alleges that it violates his rights under the Constitution to charge him $50 a month for "rent." The Third Circuit has held that housing fees are not punishment because they are "related to the legitimate purpose of partially reimbursing the government for housing expenditures." Carson v. Mulvihill, 488 F. App'x 554, 563 (3d Cir. 2012). If Plaintiff were granted IFP status, the Court would dismiss these claims without prejudice upon conclusive screening.

Finally, Plaintiff complains of mold in showers causing him to feel very itchy and that there is only hot water available. Plaintiff does not allege that the mold in the showers and hot water are intentional punishment. Providing inmates with shower facilities, which comes with an inherent risk of growing mold, is a legitimate governmental interest. Absent allegations that the mold caused Plaintiff to become sick or that the water is so hot that it burns the skin or otherwise presents a substantial risk to his health based on the duration and level of exposure, Plaintiff failed to state a due process violation in the complaint. See Treakle v. Warden, Atlantic County Justice Facility, Civ. No. 17-3812 (RBK)(AMD), 2018 WL 276894, at *3 (D.N.J. 2018 Jan. 3, 2018) (finding complaint lacked sufficient allegations to sustain due

process claim based on mold in the showers of county detention facility); see Patterson v. Quigley, Civ. Action No. 16-1604, 2018 WL 1566793, at *5 (E.D. Pa. Mar. 30, 2018) ("Numerous courts have also recognized mold in a prison does not automatically violate an inmate's constitutional rights.")) Thus, if Plaintiff were granted IFP status, the Court would dismiss without prejudice his Due Process claim concerning hot water and mold in showers.

III. CONCLUSION

For the reasons stated above, the Court will administratively terminate this action. An appropriate Order follows.

DATE: April 6, 2020

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**